## Hoskins *v.* Peoples, Appellant.

*Negligence—Fright of horse—Cleaning streets—Flushing pavement—Variance.*

In an action against a firm of contractors for cleaning city streets to recover for the death of a horse frightened by the sudden flushing of a street, where the statement avers that the defendants hurled suddenly a great volume of water over the street "in a wide and torrential stream," and that this frightened the horse, the plaintiff may show without being guilty of a variance, that the refuse of the street, consisting of paper, match boxes, sticks and dirt, was gathered up by the volume of water and whirled around upon its surface.

Argued Oct. 19, 1911. Appeal, No. 83, Oct. T., 1911, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1906, No. 1,768, on verdict for plaintiff in case of Atwood B. Hoskins v. Robert J. Peoples et al., copartners, trading as Peoples Brothers. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for death of a horse.

At the trial W. Horace Hoskins, a witness for the plaintiff, was asked this question:

"Q. Describe the volume of water; its flow and what you saw? A. The plug apparently was turned on at its full force and was making such a loud sound, with a large volume of water spreading out there, escaping from a narrow outlet; it struck the west side of the street at the curb line, and then ran down the west side of the street toward Walnut. The slope of the street there is north from Locust to Walnut, so that the water as it increased in volume and covered a wider surface of the street gathered up all of the refuse—"

Mr. West: I object and move to strike that out, on the ground that it is not in accordance with the statement of claim. The allegation is that the horse was frightened by the sudden appearance and approach of a large volume of

water and the noise of the emission of this water from the plug, and not by anything that was carried on the surface of the water.

Motion overruled.  Exception. [1]

"Q. What about carrying the refuse on the surface?"

Objected to.  Objection overruled.  Exception. [2]

"A. Usually to flush the gutter after the sweeping up had been done.  There was there evidence that no sweeping had been done on this street, because of the amount of refuse on the surface of the water.  Q. What about the amount of refuse and débris which it carried on its surface?  Wherein did this flushing, in reference to the refuse and débris carried on its surface, differ from other flushings?

Objected to  Objection overruled.  Exception. [3]

"A. This was a larger flushing than I have seen.  Q. A greater amount of water?  A. Yes, sir.  Q. What about its noise?  A. When a great amount of water flows down the gutter, and you have sticks and leaves and all such, that means a scratching sensation on the asphalt.  Q. Tell the court and jury just what you were doing and what you saw and what happened?  A. We came east on Walnut street, turned south on Fortieth street from Walnut.  As we got opposite to the telegraph pole which was standing there, there was a horse hitched to it, and at the time there was a boy on the opposite side of the street at the fire plug ready to turn it on, and he got it turned on full force, the force of the water coming clean across Fortieth street.  When we got up opposite to where this horse was tied the water was coming down there over the top of the curb on the west side of the street and pretty near out to the car track on the west side, with a lot of match boxes, débris, horse manure and one thing another on top."

Objected to and motion to strike so much of the answer out as relates to rubbish.

Motion overruled.  Exception. [4]

Verdict and judgment for plaintiff for $1,500.  Defendant appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions.

*Henry H. Farley*, with him *Edward B. West*, for appellant.—There was a fatal variance: Pumeroy v. Bruce, 13 S. & R. 186; Schoneman v. Fegley, 7 Pa. 433; Royse v. May, 93 Pa. 454; Tyrrill v. Lamb, 96 Pa. 464; Fenn v. Early, 113 Pa. 264; Calhoun v. Holland Laundry, 220 Pa. 281; Clark v. Garrison Foundry Co., 219 Pa. 426; Martin v. Rys. Co., 227 Pa. 18; Clark v. Lindsay, 7 Pa. Superior Ct. 43.

*Ruby R. Vale*, for appellee.—There is no variance between the allegata et probata: Cameron v. Citizens' Traction Co., 216 Pa. 191; Curry v. Luzerne Borough, 24 Pa. Superior Ct. 514; Thomas v. R. R. Co., 194 Pa. 511; Valentine v. Colburn, 10 Pa. Superior Ct. 453; Cohn v. May, 210 Pa. 615.

PER CURIAM, November 13, 1911:

The questions sought to be raised by the fifth, sixth, seventh and eighth assignments of error were considered and adjudicated in the determination of the appeal from the judgment entered upon the verdict in the former trial: Hoskins v. Peoples, 42 Pa. Superior Ct. 611. Nothing developed on the second trial, or suggested in the argument of the present appeal, requires different disposition of the questions or further discussion of them than is contained in the opinion of the court as expressed by Judge HEAD. Therefore, these assignments are overruled.

The new question raised is as to variance. The statement of claim, after setting forth the relation of the defendants to the work and their duty, averred that an employee, engaged in cleaning the street, in order to facilitate his work negligently and carelessly and without regard to safety of persons lawfully using the same, turned on the water at a certain fire plug in such "manner as to

permit the water therefrom to be hurled in a great volume and with great force and noise across the said street and to flow . . . . in a wide and torrential stream covering the whole of said street to the depth of several inches, and partly covering the sidewalk." This was followed by the averment that "the sudden appearance and approach of so large a volume of water, and the noise made by the emission from the fire plug, frightened the said horse and caused him to break loose." Witnesses in describing the occurrence were permitted, against the defendants' objection, to testify that refuse on the street, consisting of paper, match boxes, sticks and dirt, was gathered up by the volume and whirled around on its surface. See first and fourth assignments. Under the averments of the statement, it surely was competent to show the volume and force of the water, and the testimony referred to was admissible for that purpose, if for no other.

The question raised by the second and third assignments is somewhat different. As we said on the former appeal, as the defendants insisted by their points for charge and as the learned trial judge instructed the jury, the doing of the work of cleaning by flushing the street in the usual and ordinary manner was not per se negligence. Therefore, evidence that the mode of cleaning was not the usual and ordinary mode under such circumstances as were disclosed on the trial, was clearly relevant to the allegation of negligent cleaning, if not absolutely essential to a prima facie case for the plaintiff. Amongst the circumstances to be considered in this inquiry was the fact that the street was flushed without first being swept, and if that was unusual and extraordinary, it was pertinent to the question whether the cleaning was done negligently. But it is strenuously urged that the admission of the evidence enabled the jury to find a cause of the horse's fright not alleged in the statement. This, we think, involves a too narrow construction of the statement. By fair and reasonable intendment, the statement charged that it was the sudden appearance of the water

that was swept over the street "in a wide and torrential stream," that partly caused the fright. It would be the extreme of refinement to hold that evidence that the water carried with it the refuse that lay upon the street, was not admissible. As well might it be declared that evidence that the water was discolored by the dirt and refuse on the street, would be inadmissible. None of the cases cited by appellants' counsel would sustain the objection to the admission of the evidence in question, and we think it quite clear that it is not sustained by sound principle.

All the assignments of error are overruled, and the judgment is affirmed.